UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA LONG,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>        Defendant. | Case No. 13-cv-05716-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 18 |

Before the court is plaintiff Lisa Long's motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Having considered the papers submitted, the Court hereby GRANTS plaintiff's motion.

**BACKGROUND**

Plaintiff Lisa Long filed an application for disability insurance benefits under Title II of the Social Security Act on November 30, 2010. Dkt. 10, Administrative Record at 12. The Social Security Administration denied her claim initially and again upon reconsideration. *Id.* at 79, 83. Plaintiff requested a hearing before an administrative law judge ("ALJ"). *See id.* at 95. The hearing was held on April 19, 2012. *Id.* at 102. The ALJ issued a decision on September 7, 2012, finding that plaintiff was not disabled and denying her claim for disability benefits. *Id.* at 9.

On October 30, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's decision. *Id.* at 1. Plaintiff then filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Dkt. 1 at ¶ 3. Plaintiff moved for summary judgment, seeking an order of remand for immediate payment of benefits or, in the alternative, to remand for further proceedings. Dkt. 11 at 28. Defendant ("the Commissioner")

filed a cross-motion to remand for further proceedings, conceding that the ALJ had committed reversible error by failing to explain her reason for discounting the testimony of plaintiff's examining physician, Dr. Flavin. Dkt. 12 at 6. However, the Commissioner opposed plaintiff's request for an order to remand for immediate payment of benefits. *Id.* Plaintiff filed a reply and opposition to the Commissioner's cross-motion on May 23, 2014. Dkt. 13.

On March 3, 2015, this Court reversed the decision of the Commissioner and remanded the case, finding that the ALJ (1) failed to explain why she departed from Dr. Flavin's opinion; (2) improperly discounted the opinions of plaintiff's treating physicians, Drs. Cheng and Besana; and (3) rejected the credibility of plaintiff's testimony based on insufficient grounds. Dkt. 15. The Court entered final judgment on March 3, 2015. Dkt. 16. On May 29, 2015, plaintiff timely filed the current application for attorneys' fees and costs under the EAJA, 28 U.S.C. § 2412(d). Dkt. 18. Plaintiff filed her reply brief on June 2, 2015, in which she requested $855.27 in additional fees for litigating the current motion. Dkt. 20. The Commissioner argues that plaintiff's fee award should be reduced because the number of hours requested is excessive and unreasonable. Dkt. 19.

## LEGAL STANDARD

Under section 2412(d) of the EAJA, reasonable attorneys' fees and costs may be awarded to the prevailing party in a civil action against the United States, including a proceeding for judicial review of an agency action. *See* 28 U.S.C. § 2412(d). The plaintiff is entitled to attorneys' fees and costs unless the Court finds that the position of the United States was substantially justified. *See id.* The Supreme Court has defined "substantially justified" as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person," or having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The language of the EAJA creates a presumption in favor of awarding attorneys' fees, and therefore the burden of establishing substantial justification is placed with the government. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *United States v. 313.34 Acres of Land, More or Less, Situated in Jefferson County, State of Wash.*, 897 F.2d 1473, 1477 (9th Cir. 1989).

An award of attorneys' fees under the EAJA should include only the hours "reasonably expended on the litigation." *Sorensen v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A district court may reduce the award if time spent on the appeal obtained only limited results. *See Atkins v. Apfel*, 154 F.3d 986, 990 (9th Cir. 1998) (finding that the district court abused its discretion in failing to consider the results obtained). However, a plaintiff who has achieved success should normally recover a full fee, even if the court rejected some of the claims raised in the lawsuit. *Sorensen*, 239 F.3d at 1147. EAJA fees for a successful action should also include the reasonable costs of litigating the fee award. *Commissioner, INS v. Jean*, 496 U.S. 154, 166 (1990).

## DISCUSSION

### I. The Government Was Not Substantially Justified

The Commissioner does not claim that the government's position was substantially justified. Plaintiff is thus entitled to an award as a prevailing party under 28 U.S.C. § 2412(d). *See Gutierrez*, 274 F.3d at 1258 ("It is the government's burden to show that its position was substantially justified."). The only dispute between the parties is whether the number of hours expended on the appeal was reasonable. For the reasons discussed below, the Court finds that plaintiff is entitled to the full amount of fees and costs requested.

### II. The Requested Hours Are Reasonable

#### A. Time Spent on Reply Brief

The Commissioner argues that it was unreasonable for plaintiff to spend eighteen hours drafting and filing a reply brief when the government had already offered to stipulate to remand the case for further proceedings. Plaintiff refused the government's offer and instead sought remand for immediate payment of benefits, arguing that the record was sufficient to establish disability without a rehearing. On March 3, 2015, the Court remanded the case for further proceedings rather than immediate payment. The Commissioner contends that plaintiff could therefore have achieved the same result by stipulating to remand.

However, the Commissioner conceded reversible error on only one point, the ALJ's failure to explain her reason for discounting Dr. Flavin's testimony. The Court ultimately agreed with plaintiff that the ALJ had also improperly discounted the testimony of plaintiffs' treating physicians and had failed to explain adequately why she rejected plaintiff's credibility. Dkt. 15 at 8, 12. These issues will need to be addressed on remand, so plaintiff did achieve a result that would not have been available if she had agreed to remand without filing a reply.

Plaintiff's failure to win all that she asked for does not mean her award must be reduced. *See Sorensen*, 239 F.3d at 1147 (plaintiff who "obtained excellent results . . . should recover a fully compensatory fee"). Indeed, if there is a "reasonable chance of obtaining benefits from the court, without another round of administrative proceedings" counsel should be encouraged to pursue that remedy. *See Rogers v. Astrue*, No. 09-cv-02158, 2010 WL 4569058, at *3 (E.D. Cal. Nov. 3, 2010). In similar cases, other courts in this Circuit have awarded full EAJA fees to plaintiffs who unsuccessfully opposed remand for further proceedings, so long as the opposition was reasonable and did not cause delay. *See McClellan v. Astrue*, No. 05-cv-00050, 2009 WL 426542 (E.D. Cal. Feb. 20, 2009) (granting fees for time spent rejecting Commissioner's offer to remand); *Penrod v. Apfel*, 54 F. Supp. 2d 961, 963 (D. Ariz. 1999) (granting fees to plaintiff whose "reasons for seeking summary judgment and opposing remand were legally sound"); *cf. Rogers*, 2010 WL 4569058, at *4-5 (denying fees for an opposition that was unreasonable, unnecessarily prolonged the proceedings, and "provided the Court no assistance in its endeavor to clarify the issues"). Here, plaintiff prevailed on several points the Commissioner had contested, the reply brief did not cause unnecessary delay, and plaintiff's arguments were not unreasonable. The Court therefore finds it appropriate to award fees for time spent on the reply brief.

### B.    Plaintiff's Billing Practices

The Commissioner also argues that plaintiff's practice of billing in increments of 0.25 hours had the effect of inflating the number of hours requested. In support of this argument, the Commissioner cites two cases in which the party requesting fees had billed quarter-hour blocks of time for work that could have been completed more quickly. For example, a district court in

Oregon found that repeatedly billing fifteen minutes for brief tasks like reviewing a short email "resulted in excessive time claimed." *Brandt v. Astrue*, No. 08-0658, 2009 WL 1727472, at *5 (D. Or. June 16, 2009). Likewise, the Ninth Circuit upheld a district court's decision to reduce fees where the requested hours were "replete with quarter-hour or half-hour charges for the drafting of letters, telephone calls and intra-office conferences." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2006).

Plaintiff's requested hours are distinguishable from these cases. None of plaintiff's time entries are plainly excessive, as fifteen minutes for a short email or telephone call might be. Mr. Wilborn, one of plaintiff's attorneys, states in his declaration that his practice is to round down to the nearest quarter hour and not to bill for work requiring less than fifteen minutes. Dkt. 20-1 at 2. This approach is consistent with what the time entries actually show. *See* Dkt. 18-2 at 2 (showing no time was billed for reading the Court's order and drafting an email on March 3, 2015). Thus, there is no reason to believe that the practice of billing in quarter-hour increments resulted in an excessive time request, and the Court declines to reduce plaintiff's award on that basis.

### C.     Appropriate Amount of Attorneys' Fees

The Commissioner does not contest the reasonableness of the time spent on plaintiff's opening brief. As explained above, the Court does not find it necessary to reduce plaintiff's requested fees for time spent on the reply brief or for the practice of billing in quarter-hour increments. Accordingly, plaintiff shall receive $607.81 for 3.25 hours of work performed in 2013 at the statutory rate of $187.02 per hour, $ 10,453.30 for 55.00 hours in 2014-2015 at the rate of $190.06 per hour, and $400.00 for the district court filing fee. Plaintiff is also entitled to $855.27 for 4.50 hours spent litigating the current motion, for a total of $12,316.38.[1]

---

[1] The Court notes that plaintiff's opening brief lists "$187.02 x 2.50 hours = $476.55" for Mr. Linden's time in 2013. *See* Dkt. 18-1 at 6. The result should be $467.55, so this is clearly a transposition error. As a result, the total award is slightly less than the number plaintiff requested.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion for attorneys' fees. The final fee award under the EAJA shall be $12,316.38. Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the fees are payable to plaintiff. If plaintiff does not owe a debt to the government, then the Commissioner may, in her discretion, direct payment to plaintiff's counsel. This order resolves Docket No. 18.

**IT IS SO ORDERED.**

Dated: June 24, 2015

SUSAN ILLSTON
United States District Judge